UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRINCE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  20-2797 (UNA) |
| ) | |
| ) | |
| DISTRICT OF COLUMBIA *et. al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff seeks to reinstate this case, which was dismissed in part under the favorable-termination prerequisite of *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  *See* Mem. Op. at 2, ECF No. 4-1.  He asserts correctly that the D.C. Court of Appeals (DCCA) reversed his convictions, *see Jones v. United States*, 168 A.3d 703, 707 (D.C. 2017), but reversal alone does not green-light a suit for damages under 42 U.S.C. § 1983 since "a defendant can be tried a second time for an offense when his prior conviction for that same offense had been set aside on appeal." *Green v. United States*, 355 U.S. 184, 189 (1957).

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 487.  Following the DCCA's remand, Plaintiff was convicted again upon pleading guilty during the course of his retrial.  *See generally* Docket for *United States v. Jones*,

No. 2013 CF1 018140 (D.C. Super. Ct.) and June 13, 2018 entry.  His success here would invalidate that conviction.  Therefore, Plaintiff can bring no claim for damages without first invalidating the conviction.  *See Heck*, 512 U.S. at 489 (emphasizing that a prisoner "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus").  Nothing in the instant motion or the Superior Court's docket suggests that has occurred.

        Accordingly, it is

        **ORDERED** that Plaintiff's Motion to Reinstate Civil Action, ECF No. 5, is **DENIED**.

_____/s/_____
CHRISTOPHER R. COOPER
Date: December 11, 2020                                     United States District Judge